Case v. Green.

Where the substantial matters alleged in a bill for an injunction are positively denied by the answer, the injunction should be dissolved.

Friday,
December 16.

APPEAL from the *Switzerland* Circuit Court.

Davison, J.—This was a bill in chancery by the plaintiff against the defendant, to enjoin the execution of a judgment at law. The bill charges that the plaintiff, on the 11th of *March*, 1846, by the earnest solicitation of the defendant, became his surety on a note for 2,500 dollars, payable to *Wesley Smead & Co.*, upon which 1,400 dollars of the principal sum, and all the interest up to the 3d of *September*, 1850, has been paid, leaving a balance due on the 3d of *May*, 1851, of 1,144 dollars. There is a written agreement, signed by the defendant, set out in the bill. It shows that an amicable suit at law, concerning saw-logs, had been entered into by the parties, and that the defendant had stipulated to credit the judgment he might obtain in that suit with the full amount he legally owed on said note. And the plaintiff was to pay the amount so credited to *Smead & Co.* This agreement was delivered to the plaintiff. It is alleged that it, alone, induced him to enter into said suit. The agreement was, on the 14th of *November*, 1850, recorded in the order-book of the *Switzerland* Circuit Court. After this, the defendant, in the same Court and in said amicable suit, recovered a judgment against the plaintiff for 1,030 dollars; but he has failed and refused to enter satisfaction thereon, though the said 1,144 dollars is still due and owing to *Smead & Co.* on said note. That an execution has been issued on said judgment and levied on the plaintiff's property, &c. That the defendant has no real estate in *Indiana;* executions against him have been returned "*nulla bona;*" and he is unable to pay the balance of said note, or any part of it. The bill prays that the defendant be enjoined from proceeding by his execution, &c., and that a decree be rendered in favor of the plaintiff for such amount as

he may be liable to pay *Smead & Co.* on said note; and for general relief, &c.

Upon this bill the associate judges, in vacation, granted an injunction. At the next term of the Circuit Court the defendant filed his answer and moved to dissolve it. The Court sustained the motion.

The answer denies that the delivery of the agreement set out in the bill, constituted the plaintiff's inducement to enter into the amicable suit, but avers that that suit was entered into before said agreement was made or thought of. It alleges that various payments have been made on the note given to *Smead & Co.*, the last of which was on the 3d of *September*, 1850, when the principal of said note, with 6 per centum per annum interest thereon, was fully paid and more than paid. That at the time said judgment was rendered, and even at the date of the agreement, nothing was legally due or owing to *Smead & Co.* on the note.

We think the motion to dissolve the injunction was properly sustained. The averments in the bill upon which it was predicated, are positively denied by the answer. It is denied that the amicable suit was induced by the agreement, and expressly averred that nothing was legally due on the note at the time the judgment was rendered. It follows that the defendant was not bound to enter satisfaction or give any credit on the judgment. The decree must, therefore, be affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*J. Dumont*, for the appellant.

*J. G. Marshall* and *D. Kelso*, for the appellee.